**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Dustin Wolf,                           )
                                       )
            Plaintiff,                 ) Case No. 1:05-CV-79
                                       )
    vs.                                )
                                       )
National Supplement                    )
Association, Inc., et al.,             )
                                       )
            Defendants.                )

O R D E R

        This matter is before the Court on Defendants' motion to strike or in the alternative for an extension of time to plead (Doc. No. 7).  For the reasons that follow, Defendants' motion is not well-taken and is **DENIED**.

        On February 4, 2005, counsel for Plaintiff Dustin Wolf filed a complaint for negligence and products liability against Defendants National Supplement Association, Inc. and The Kroger Company.  Counsel, however, were not admitted to practice before this Court and failed to retain local counsel to serve as trial counsel.  Therefore, Plaintiff's complaint was technically unsigned.  Six days after Defendants filed their motion to strike the complaint for failure to comply with Rule 11(a) of the Federal Rules of Civil Procedure, Plaintiff filed an amended complaint (Doc. No. 9) which was properly signed by local counsel.

> Rule 11(a) states:
>
> **Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Civ. P. 11(a).  In this case, Plaintiff's counsel clearly violated Rule 11(a) and Local Rule 83.5(a) & (b) by filing a complaint without the signature of a trial attorney who is a permanent member of the bar of this Court.  Nevertheless, Rule 11(a) also provides a party an opportunity to correct the omission promptly when brought to his attention.  The Court, of course, must take into consideration the remedy portion of the Rule as well as the sanction portion of the Rule.  <u>Becker v. Montgomery</u>, 532 U.S. 757, 765 (2001).  Here, Plaintiff filed a properly signed amended complaint within six days of being notified that his original complaint was not in conformity with the Rules.  The Court finds that this was a prompt correction of the failure to sign the original complaint.  Therefore, striking the original complaint is not warranted.  <u>See</u> <u>id.</u>

      Accordingly, Defendants' motion to strike is not well-taken and is **DENIED.**  Plaintiff's amended complaint (Doc. No. 9) shall be substituted for the original complaint (Doc. No. 1).

Defendants may file an answer or otherwise plead to the amended complaint within twenty (20) days of the date of this order.

**IT IS SO ORDERED**

Date May 5, 2005                    s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                 United States District Court